# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARY FRIETTO,

    Plaintiff,

v.

SPRINGLEAF FINANCIAL SERVICES,

    Defendant.

Case No.:

JURY TRIAL DEMANDED

## COMPLAINT

MARY FRIETTO ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SPRINGLEAF FINANCIAL SERVICES ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the Commonwealth of Pennsylvania, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in South Abington Township, Pennsylvania 18411.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7. Defendant is a corporation with its principal place of business located at 601 Northwest 2nd Street, Evansville, Indiana 47708.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Plaintiff has a cellular telephone number.

10. Plaintiff has only used this number as a cellular telephone number.

11. Beginning in July 2016 and continuing thereafter, Defendant called Plaintiff on her cellular telephone, on average, multiple times per day.

12. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system.

13. The automated calls begin with a pre-recorded voice before calls were transferred to live representatives.

14. Plaintiff knows Defendant has been calling her because she has spoken to male and female callers who stated their company name during the calls.

15. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to collect a $6,000 account balance.

16. Desiring to stop the calls, Plaintiff spoke with Defendant in mid to late July 2016 and revoked any consent that may have been given to Defendant to call her cellular telephone number.

17. Defendant heard and acknowledged Plaintiff's request to stop calling by responding that the calls would not stop because she was on an "automated system."

18. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

19. Defendant proceeded to ignore Plaintiff's revocation and call her cellular telephone number multiple times daily.

20. Plaintiff also received automated voice messages from Defendant regarding her account.

21. After Plaintiff's frequent requests to stop calling were ignored by Defendant, he had no other option but to block calls from their numbers using a blocking application.

22. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

25. Defendant's calls to Plaintiff were not made for emergency purposes.

26. Defendant's calls to Plaintiff, on and after mid to late July 2016, were not made with Plaintiff's prior express consent.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, MARY FRIETTO, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MARY FRIETTO, demands a jury trial in this case.

Respectfully submitted,

Dated: August 17, 2016    By:   /s/ Amy L. Bennecoff Ginsburg, Esq.
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com

- 5 -
PLAINTIFF'S COMPLAINT